UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| HANNAH CLARK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. 3:21-cv-00026-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRANKLIN COUNTY, KENTUCKY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiffs' Motion for Leave to amend their complaint. [R. 13.] In late 2020, Franklin County and City of Frankfort police officers pursued a car in which Plaintiffs Hannah Clark and Maysia Harris were passengers. [R. 1.] The Plaintiffs brought this action, alleging that Defendants Franklin County, Sheriff Chris Quire, Sergeant Nathan Doty, and Deputy Phillip Ray violated state and federal law during the ensuing traffic stop. *Id.* They now request leave to amend their complaint to add a claim against Franklin County, contending that it should be held vicariously liable for the conduct of a Franklin County Sheriff's deputy under Ky. Rev. Stat. Ann. § 70.040. [R. 13.] For the following reasons, the Court **GRANTS** the Plaintiffs' Motion for Leave.

**I**

In September 2020, Ms. Harris and Ms. Clark were passengers in a vehicle driven by Delano Washington. [R. 1 at 3.] Defendants Sergeant Doty and Deputy Ray—both officers in the Franklin County Sheriff's Office—and City of Frankfort officers pursued Washington's vehicle. *Id.* When the vehicle stopped, Washington exited, and City of Frankfort officers

arrested him. *Id.* The complaint alleges that Defendant Ray then "viciously yank[ed] [the Plaintiffs] from the vehicle and [slung] them to the ground," seeking to "secure them." *Id*; [R. 17 at 2.] Ms. Clark and Ms. Harris state that they were not threatening, resisting, or attempting to flee the officers. [R. 17 at 4.]

The Plaintiffs brought this action against Defendant Deputy Ray for his conduct during the traffic stop, Sheriff Quire and Sergeant Doty for supervising Deputy Ray, and Franklin County. The Defendants then moved to dismiss the claims against them, and the Court granted in part and denied in part their motion to dismiss. [R. 6; R. 12.] Three causes of action remain: (1) constitutional violations under § 1983 against all Defendants, (2) negligence and gross negligence against Sheriff Quire and Sergeant Doty, and (3) assault and battery against Deputy Ray. The Plaintiffs now seek leave to amend their complaint to hold Franklin County vicariously liable for the conduct of Franklin County Sheriff's Office deputies under Ky. Rev. Stat. Ann. § 70.040. [R. 13.]

**II**

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if the party does not seek amendment within the of-right period, a court may grant leave to permit such an amendment and should "freely" do so "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court reads this provision broadly and the Sixth Circuit recognizes that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

The Defendants collectively oppose the amendment, arguing that the proposed changes to the complaint would be futile.  [R. 17.]  An amendment is futile when its proposed changes would not survive a motion to dismiss or a motion for judgment on the pleadings.  *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Green v. Bank of Am. Corp.*, 530 F. App'x 426, 428 (6th Cir. 2013).  Thus, the Court must determine whether the proposed amendment to the complaint would survive a motion to dismiss.

Under a motion to dismiss, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law." *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (internal citations and quotations omitted).  To avoid dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint need not contain "detailed factual allegations"; but the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted).

Ms. Clark and Ms. Harris's First Amended Complaint adds a claim for vicarious liability under Ky. Rev. Stat. Ann. § 70.040.  [R. 12.]  KRS § 70.040 allows a plaintiff to pursue a vicarious liability claim against a county for actions of sheriffs' deputies, providing that "[t]he sheriff shall be liable for the acts or omissions of his deputies; except that, the office of sheriff, and not the individual holder thereof, shall be liable under this section."  Though at common law the county would be immune from this type of vicarious liability, the Kentucky Supreme Court held that KRS § 70.040 waives the immunity for the acts or omissions of sheriffs' deputies. *Jones v. Cross*, 260 S.W.3d 343, 346 (Ky. 2008).

3

KRS § 70.040 liability depends on whether the deputy acted within the scope of his authority. *Lawson v. Burnett*, 471 S.W.2d 726, 728 (Ky. 1971). If a wrongful "official act" caused the injury, the county is liable. *Id.* But if the deputy acted for personal reasons, the county is not responsible. *Id.* Because this codifies the respondeat superior doctrine, courts refer to common law respondeat superior principles when conducting their analyses. *See, e.g.*, *Bond v. Carter Cnty.*, No. CIV.A. 14-140-DLB, 2015 WL 3619228, at *4 (E.D. Ky. June 9, 2015). Respondeat superior holds an employer liable for the acts of his employees within the scope of their employment, and an employee acts within the scope of employment when the employee acts to further the employer's business. *See Patterson v. Blair*, 172 S.W.3d 361, 364 (Ky. 2005).

When taking all factual allegations in the complaint as true, Ms. Clark and Ms. Harris make a plausible claim that Franklin County should be vicariously liable for Deputy Ray's conduct. *See Twombly*, 550 U.S. at 570. When Deputy Ray took Ms. Clark and Ms. Harris out of the car, he was employed as a deputy of the Franklin County Sheriff's Office. Indeed, all other actors conducting the traffic stop were also law enforcement officers. [R. 1 at 3-4.] Further, Deputy Ray took Ms. Clark and Ms. Harris out of the car for the purpose of "secur[ing] them" on the ground for the traffic stop. [R. 17 at 2.] These facts establish a plausible claim that Deputy Ray was acting to further the sheriff's office's mission, and thus Franklin County's, when he took Plaintiffs Clark and Harris out of the vehicle. *See Lawson*, 471 S.W.2d at 728. Consequently, Plaintiffs established a plausible claim Mr. Ray acted within the scope of his employment.

The Defendants argue that Ms. Clark and Ms. Harris have not raised a plausible vicarious liability claim because Deputy Ray did not commit a wrongful act for which the county could be vicariously liable. [R. 17 at 6-7.] However, intentional torts like assault and battery may provide

4

the basis to hold an employer liable under KRS § 70.040 if the employee is acting within the scope of his employment. *See, e.g.*, *Chowning v. Hardin Cnty.*, No. 3:19-CV-509-CRS, 2022 WL 4636146, at *13 (W.D. Ky. Sept. 30, 2022); *Bond*, No. CIV.A. 14-140-DLB, at *4 (applying KRS § 70.040 to intentional torts). And the Court already determined that, construing the facts in favor of the Plaintiffs, Deputy Ray's conduct could constitute assault and battery. [R. 12 at 13.] The Court will not revisit that determination. Thus, vicarious liability against Franklin County does not fail for lack of a plausible underlying claim.

The Defendants also argue that the amendment would be futile because the proposed vicarious liability claim is duplicative of the Plaintiffs' § 1983 claim. [R. 17 at 3-5.] However, supervisory liability under § 1983 and vicarious liability are different claims. Supervisory liability requires that the supervising defendant have "at a minimum . . . implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Supervisory liability must be "based on active unconstitutional behavior," not a "mere failure to act." *Id.* (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)). On the other hand, as discussed above, vicarious liability under KRS § 70.040 holds an employer liable for the acts of his employees within the scope of their employment. *See Patterson*, 172 S.W.3d at 364. So, while the inquiry for supervisory liability focuses on whether the defendant encouraged an unconstitutional act, vicarious liability looks to whether the employee acted in furtherance of the employer.

Further, the Defendants contend that (1) the proposed amendment merely adds a claim, already alleged against the county, against an official representing the county, and (2) the vicarious liability claim will result in impermissible double recovery. [R. 17 at 3-5.] Certainly, as the Defendants point out, courts will dismiss an action against an official acting in their

5

official capacity when the plaintiff already sued the municipality for the same conduct.  *See, e.g.*, *Owens v. Southerland*, 2006 U.S. Dist. LEXIS 13457, at *8 (E.D. Ky. Mar. 10, 2006).  But the proposed amendment does not seek to add a claim against both Sheriff Quire in his official capacity and the County; it seeks to add a new claim against only the County.  And, although a claim may not provide a plaintiff with double recovery, the Plaintiffs' amendment here merely adds a new avenue for relief; the relief itself would not be doubled.  [R. 18 at 2]; *see Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 12-13 (Ky. Ct. App. 2009) (holding that the plaintiffs may pursue "both the statutory wage and hour law violation and the state breach of contract claim, but there shall be no double recovery").

### III

When taking all allegations in the complaint as true, Ms. Clark and Ms. Harris have raised a plausible claim for relief under KRS § 70.040.  Because they have raised a plausible claim, permitting Ms. Clark and Ms. Harris to amend the complaint would not be futile and leave should be freely given.  Accordingly, it is hereby **ORDERED** that the Plaintiffs' Motion for Leave to File First Amended Complaint **[R. 13]** is **GRANTED**.

This the 13th day of October, 2022.

Gregory F. Van Tatenhove
United States District Judge

6